UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

JASON GOLDSTEIN, *individually and
on behalf of all others similarly situated*,

    Plaintiff,

vs.

FANDANGO MEDIA, LLC,

    Defendant.
_____/

Removed from the Circuit Court
Of Palm Beach County, Florida
CASE NO. 502021CA001745XXXXMB

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Fandango Media, LLC ("Fandango"), by and through its undersigned counsel, hereby gives notice pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1332 and 1711, of the removal of this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, bearing the Case Number 502021CA001745XXXXMB, to the United States District Court for the Southern District of Florida based on the following:

**I.      TIMELINESS OF REMOVAL**

1.      On or about February 8, 2021, Plaintiff Jason Goldstein ("Plaintiff") filed a Complaint against Defendant Fandango Media, LLC, in the Circuit Court of Palm Beach County, Florida, Case No. 502021CA001745XXXXMB (the "Action"). A true and correct copy of the Complaint and Summons is attached as Exhibit A.

2.      On February 11, 2021, Fandango was served with the Complaint. *See* Ex. A.

3.      The timing of this Notice of Removal is proper under, under 28 U.S.C. § 1446(b)(1), because it is filed within thirty (30) days of Fandango's receipt of the Complaint, as calculated according to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(a)(1).

II. **SUMMARY OF PLAINTIFF'S ALLEGATIONS AND GROUNDS FOR REMOVAL**

4.      This Court has original subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d) and 1441(b) because (a) at least one member of the plaintiff class is a citizen of a different state than Fandango; and (b) the amount in controversy exceeds the jurisdictional minimum of $5,000,000. *See* 28 U.SC. §§ 1332(d)(2), 1441(b).

5.      CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely Florida Rule of Civil Procedure 1.220, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Ex. A, ¶¶20-29.

6.      In the Complaint, Plaintiff pleads a single cause of action on behalf of himself and a putative class of similarly situated individuals against Fandango for alleged violations of Fla. Stat. Ann. § 934.03, *et seq.*, the Florida Security of Communications Act ("FSCA"). *See* Ex. A, Complaint.

7.      Plaintiff's Complaint asserts, "[u]pon information and belief," that during Plaintiff's visits to Fandango's website Fandango tracked Plaintiff's use of and interaction with the site, and that such tracking constitutes an "interception of [Plaintiff's] electronic communications" in violation of the FSCA. Ex. A, ¶¶14-15, 35.

8. Plaintiff alleges that he "brings this lawsuit as a class action on behalf of all other similarly situated persons […] defined as '[a]ll persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.'" Ex. A, ¶20.

9. On behalf of himself and the putative class, Plaintiff seeks declaratory and injunctive relief; "actual, liquidated damages, and/or punitive statutory damages; [r]easonable attorney's fees and costs; and [s]uch further and other relief the Court deems reasonable and just." Ex. A, ¶¶a-e.

10. Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

11. Fandango denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members. Fandango expressly reserves all of its rights, including, but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings. However, for purposes of meeting the jurisdictional requirements for removal *only*, Fandango submits on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint along with Fandango's submissions in support of this Notice of Removal identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

**A.     There Is At Least Minimal Diversity Of Citizenship Between The Parties In This Action Because Fandango Is A Citizen Of A Different State Than Plaintiff**

12.     The minimum diversity of citizenship criterion under CAFA is met if a plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13.     Upon information and belief and as alleged by Plaintiff, at the time Plaintiff commenced this class action, and at all times since, Plaintiff was and is "a citizen and resident of Palm Beach County, Florida." *See* Ex. A, Complaint ¶5.

14.     Plaintiff further alleges that the putative class consists of "[a]ll persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent." Ex. A, ¶20.  Residence is an essential element of citizenship for purposes of establishing diversity jurisdiction. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citizenship in a state "requires both residence in a state and an intention to remain there indefinitely") (internal quotation marks and citation omitted).  Thus, it is reasonable to infer that most, if not all, of the putative class members are citizens of Florida.

15.     At the time Plaintiff commenced this class action, and at all times since, Fandango was and is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in the State of California.  *See* Exhibit B, Declaration of Gabriela Kornzweig, ¶4.  Fandango's members, and the members of all limited liability companies within its corporate structure, are corporations incorporated in Delaware, California, or Pennsylvania; with principal places of businesses in Pennsylvania or California.  *Id.* ¶¶4-22. Fandango is thus a citizen of Pennsylvania, Delaware, and California.

*See Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1269 (11th Cir. 2016) (a limited liability company is a citizen of any state of which a member of the company is a citizen).

16. Accordingly, for purposes of diversity jurisdiction at least one member of the plaintiff class is a citizen of a different state than Fandango. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.     The Putative Class Consists Of More Than 100 Members**

17. In the Complaint, Plaintiff alleges violation of FSCA on behalf of himself and a putative class of "no less than 100" individuals who "visited" Fandango's. *See* Ex. A, ¶¶20, 22. Though the precise numbers are "unknown" to Plaintiff, he alleges that the number of putative class members "may be readily ascertained from [Fandango's] records." *Id.*

18. Based on a search of Fandango's records for the period consisting of calendar years 2019 and 2020, at least one million (1,000,000) unique individuals purchased movie tickets for theaters using Fandango's website and entered a Florida zip code in connection with their payment for those tickets. *See* Exhibit C, Declaration of Kerry Samovar, ¶4.

19. Accordingly, while Fandango denies that class treatment is permissible or appropriate, the proposed class plainly consists of more than 100 members, based on the Complaint's allegations and Fandango's records.

**C.     The Amount In Controversy Requirement Is Satisfied**

20. Although Fandango denies that Plaintiff's claims have any merit and disputes that Plaintiff is entitled to any of the relief sought in the Complaint, Fandango avers, for the purposes of meeting the jurisdictional requirements for removal only, that the amount in controversy exceeds $5 million.

21. Courts are not limited to the four corners of the Complaint when determining the amount in controversy. "If the jurisdictional amount is not facially apparent from the complaint,

the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)) (holding that district court erred in rejecting defendant's declaration in support of notice of removal evidencing the amount in controversy exceeded CAFA's $5 million threshold).

22. Plaintiff does not claim any specific amount in total damages, but avers that each member of the putative class is entitled to at least $1,000 in statutory liquidated damages. *See* Ex. A, ¶39.

23. As set forth above, at least one million (1,000,000) unique individuals purchased movie tickets during the period consisting of calendar years 2019 and 2020 using Fandango's website and entered a Florida zip code in connection with their payment for those tickets. *See* Ex. C, ¶4.[1]

24. According to Plaintiff's definition of the putative class, each of these more than one million (1,000,000) individuals would be members of the putative class because anyone who purchased tickets on Fandango's website necessarily "visited" the site. *See* Ex. A, ¶20. Thus, as alleged by Plaintiff, each of the one million (1,000,000) individuals could be entitled to damages of at least $1,000, easily lifting the amount in controversy over $5 million.

25. Without admitting the veracity of Plaintiff's allegations or the propriety of class treatment in this Action, a reasonable and commonsense reasoning of the Complaint along with Fandango's submissions in support of this Notice of Removal show that the amount in

---

[1] Plaintiff alleges that Fandango possesses knowledge concerning the identity of class members. *See* Ex. A, ¶23 ("[i]dentification of the Class members is a matter capable of ministerial determination from Defendant's records …").

controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

### III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

26. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a. this is a civil action that is a class action within the meaning of § 1332(d)(1)(B);

   b. this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B);

   c. the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

   d. a member of the putative class is a citizen of a state different from Fandango as required by § 1332(d)(2)(A).

27. Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

28. The United States District Court for the Southern District of Florida is the appropriate venue for removal because the Circuit Court of the Fifteenth Judicial Circuit Palm Beach County, Florida (where the Complaint was originally filed) is within the jurisdiction of the Southern District of Florida. *See* 28 U.S.C. §§ 1391, 1441(a), and 1446(a).

29. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Fandango are attached as Exhibit A.

30. Pursuant to 28 U.S.C. §§ 1446(d) and 1453 prompt written notice of this Notice of Removal will be sent to Plaintiff and the Clerk of Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida contemporaneously with its filing in this Court.

31. Fandango reserves the right to amend or supplement this Notice of Removal.

32. This Notice of Removal is filed subject to and without waiver of any rights Fandango may have with respect to the Complaint.

WHEREFORE, Fandango respectfully removes this Action to this Court.

Dated: March 3, 2021

Respectfully submitted,

By: /s/ Nury Siekkinen
Nury Siekkinen
Florida Bar No. 1015937
Primary email: nury@zwillgen.com
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

*Attorney for Defendant Fandango Media, LLC*

## CERTIFICATE OF SERVICE

I certify that on March 3, 2021, a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

/s/ Nury Siekkinen
Nury Siekkinen (Florida Bar No. 1015937)

## SERVICE LIST

Andrew J. Shamis
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
ashamis@shamisgentile.com

Scott Edelsberg
EDELSBERG LAW, PA
20900 NE 30th Avenue, Suite 417
Aventura, Florida 33180
scott@edelsberglaw.com

Manuel Hiraldo
HIRALDO P.A.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
MHiraldo@Hiraldolaw.com