**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 9:21-cv-80466-RAR

JASON GOLDSTEIN, *individually and*
*on behalf of all others similarly situated*,

      Plaintiff,

      vs.

FANDANGO MEDIA, LLC,

      Defendant.

Removed from the Circuit Court
Of Palm Beach County, Florida
CASE NO. 502021CA001745XXXXMB

**DECLARATION OF ALICE SONG IN SUPPORT OF**
**DEFENDANT'S RENEWED MOTION TO**
**COMPEL ARBITRATION**

    I, **Alice Song** declare as follows:

    1.     I am employed at Fandango Media, LLC ("Fandango") as Senior Director, Product Manager. In that role, I am responsible for managing Fandango's online checkout process. I submit this declaration in support of Defendant Fandango's Renewed Motion to Compel Arbitration. I make this declaration based on my personal knowledge and based on my review of Fandango's business records.

    2.     Among other things, Fandango operates a website and certain mobile applications that provide movie information and ticket purchasing services. Fandango offers its services to consumers in all fifty states of the United States.

    3.     Consumers seeking movie information or to make online purchases of movie tickets may access Fandango's platform through the Fandango website (https://fandango.com) and through Fandango's mobile applications.

DECLARATION OF ALICE SONG ISO DEFENDANT FANDANGO MEDIA, LLC'S RENEWED MOTION
TO COMPEL ARBITRATION 9:21-cv-80466-RAR

4.      At the request of counsel, I reviewed business records relating to the designs of Fandango's webpages as they appeared on February 22, 2020 and March 7, 2020, as well as Fandango's Terms and Policies, Terms of Use, and Privacy Policy as in effect on the same dates.

5.      Attached as Exhibit A is a copy of the guest checkout screen as it would have appeared on February 22, 2020 and March 7, 2020 for visitors to the Fandango website who used the guest checkout process to purchase movie tickets and who had completed entering the payment and other required information fields. The Exhibit is an accurate depiction of the Fandango website's guest checkout screen as a visitor would have seen it when purchasing tickets on those dates but is not presented as the record of any specific transaction at issue in this litigation. It is instead an exemplar, from which user-specific transaction details have been removed.

6.      As Exhibit A reflects, any user who wished to complete the guest checkout process to purchase a movie ticket on those dates could only do so by scrolling to the bottom of the screen and clicking on an orange button with white text reading, "COMPLETE MY PURCHASE." Immediately below that button the following text appeared: "By clicking the Complete My Purchase button, you agree to the **Privacy Policy** and **Terms and Policies** and will be charged for this order." The words "Privacy Policy" and "Terms and Policies" are highlighted in bold-face, blue text in a manner consistent with common industry practices for depicting hyperlinks. A user who clicked on the words "Privacy Policy" or "Terms and Policies" would immediately be presented with a copy of the Privacy Policy or Terms and Policies, respectively, in effect at the time.  A user could not purchase a ticket as a guest without clicking the "COMPLETE MY PURCHASE" button.

7.      Regardless of whether a user purchases a movie ticket on the Fandango website using a registered account or as a guest without registering for a Fandango account, he or she must nevertheless agree to Fandango's Terms by clicking on the "Complete My Purchase" button on the final checkout screen, which appears immediately adjacent to the statement, "By clicking the Complete My Purchase button, you agree to the Privacy Policy and the Terms and Policies, and will be charged for this order."

DECLARATION OF ALICE SONG ISO DEFENDANT FANDANGO MEDIA, LLC'S RENEWED MOTION
TO COMPEL ARBITRATION 9:21-cv-80466-RAR

8.     Attached as Exhibit B is a true and correct copy of Fandango's Terms and Policies as updated on June 12, 2019, and in effect at all times on February 22, 2020 and March 7, 2020. As Exhibit B reflects, the Terms and Policies included the full text of an arbitration agreement as well as hyperlinks (again indicated by bold-face, blue text) to each of several specific components of the Terms and Policies including, among others, Fandango's Privacy Policy and Terms of Use. A user who clicked on either of those links would immediately be presented a copy of the Privacy Policy or Terms of Use, respectively, in effect at the time.

9.     Attached as Exhibit C is a true and correct copy of Fandango's Terms of Use as updated on June 12, 2019, and in effect at all times between on February 22, 2020 and March 7, 2020.

10.    Attached as Exhibit D is a true and correct copy of Fandango's Privacy Policy as updated on January 9, 2020, and in effect at all times on February 22, 2020 and March 7, 2020.

11.    On virtually every page to which a user could navigate on the Fandango website at the times of Mr. Goldstein's visits, there appeared hyperlinks that similarly linked to copies of the Terms and Policies and the Privacy Policy, respectively, in effect at the time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that Declaration was executed on April 14, 2021 at Los Angeles, California.

_____
**Alice Song**

DECLARATION OF ALICE SONG ISO DEFENDANT FANDANGO MEDIA, LLC'S RENEWED MOTION
TO COMPEL ARBITRATION 9:21-cv-80466-RAR